UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 19-  01025 |
| ) | |
| MISCELLANEOUS COMPUTER AND ) | |
| ELECTRONIC EQUIPMENT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**COMPLAINT FOR FORFEITURE IN REM**

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister, United States Attorney for the District of Kansas, and Annette Gurney, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1. This is an action to forfeit and condemn to the use and benefit of the United States of America the following defendant property:

   A. NZXT desktop;

   B. My QNAP Cloud; and,

   C. LG cellphone

for violations of 18 U.S.C. §§ 2252(a)(2) and (a)(4)(B).

**THE DEFENDANTS IN REM**

2. The defendant property, which is identified in paragraph one, was seized on March 27, 2018, by the Homeland Security Investigations (HIS) Special Agents from the residence of Daryl Miller, located in Shawnee Kansas, in the District of Kansas.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. §1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. §1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property was found in this district.

## BASIS FOR FORFEITURE

6. The items listed in paragraph 1, above, are subject to forfeiture pursuant to 18 U.S.C. § 2253 because they were used or intended to commit violations of 18 U.S.C. § 2252.

## FACTS

7. Supplemental Rule G(2)(f) requires this Complaint to state sufficiently detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial. Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be

potential claimants of interests in the defendant property; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney

*/s/ Annette Gurney*
ANNETTE. GURNEY
Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
KS S.Ct. No.11602
annette.gurney@usdoj.gov

## DECLARATION

I, Rosalinda Estrada-Dallis am a Special Agent with Homeland Security Investigations. I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 5th day of February, 2019

*[signature]*
Rosalinda Estrada-Dallis
Special Agent
Homeland Security Investigations

## AFFIDAVIT IN SUPPORT OF A COMPLAINT FOR FORFEITURE

I, Rosalinda Estrada-Dallis, a Special Agent ("SA") with Homeland Security Investigations, being duly sworn, depose and state as follows:

1. I have been employed as a Special Agent of the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI") since December 2006, and am currently assigned to the child exploitation group in Kansas City, Missouri. While employed by HSI, I have investigated federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography. I have gained experience through the Criminal Investigator Training Program and Immigration and Customs Enforcement Special Agent Training at the Federal Law Enforcement Training Center in Glynco, Georgia and everyday work relating to conducting these types of investigations. I have received training in child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media. I have also participated in training programs for the investigation and enforcement of federal child pornography laws relating to the use of computers and/or electronic devices receiving, transmitting, and storing child pornography. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251, 2252, and 2252A, and I am authorized by law to request a search warrant.

2. This affidavit is in support of a complaint for forfeiture for the following property:

    A. NZXT desktop;

    B. My QNAP Cloud; and,

    C. LG cellphone.

1

3. The statements in this affidavit are based on my investigation of this matter as well as information conveyed to me by other law enforcement officers, to include other HSI agents as well as special agents of the United States Internal Revenue Service, Criminal Investigation ("IRS-CI"). Since this affidavit is being submitted for the limited purpose of supporting a complaint for forfeiture, I have not included each and every fact known to me concerning this investigation.

4. During the course of the investigation, law enforcement agents accessed a known website on multiple occasions and conducted an undercover purchase of a VIP account to the website. Based on review of that activity, it appears that the website provided each user who accessed the site a unique Bitcoin (BTC) address to which the user could send funds for purchasing account privileges.

5. Registered users of the website could browse previews of videos available for download. To download videos from the site, the users were required to use "points" that were allocated to users. A registered user could earn points from in several ways: (1) uploading videos depicting the sexual exploitation of children; (2) referring new users to the website; (3) paying for a "VIP" account.

6. Information received from U.S. BTC Exchange provided the BTC account in the name of Daryl Miller of Shawnee, Kansas. This information also included personal identifiers for Miller as well as his bank account information.

7. Between September 28, 2016 and May 8, 2017, the Miller's BTC account engaged in ten transactions with BTC addresses associated with the website described herein.

8. Miller's BTC account also engaged in a BTC transaction with another website on the Dark Web known as SIBERIAN MOUSE, known for containing child pornography.

9. Through bank records, investigators connected bank account withdrawals to Coinbase that were consistent with the deposits into the Coinbase account belonging to Miller. Upon review of further bank documents, your affiant noted that Miller's residence was listed on personal checks and statements as of approximately August 2016.

10. Using publicly available search tools, law enforcement was able to connect the various IP addresses that were accessing the Coinbase account, which included including an IP that controlled by Internet Service Provider ("ISP") Sprint Corporation. Although Sprint could not provide further information on the IP address, Sprint did provide information indicating the phone number associated to the Coinbase account, was a Sprint phone number and was registered to a Daryl Miller.

11. On March 27, 2018, HSI agents, along with the assistance of the Shawnee, Kansas Police Department served a federal search warrant at the residence of Darry Miller. Recovered during the search were the personal property items listed in paragraph 2.

12. These items were examined by HSI Computer Forensic Agents and determined to contain child pornography or were instrumental in the acquisition of child pornography.

13. Based on the foregoing, I have probable cause to believe that the property described in paragraph 2 constitute property used or involved in violations of Title 18, United States Code, Sections 2252(a)(2) and (a)(4)(B), and are, therefore, forfeitable to the United States pursuant to Title 18, United States Code, Section 2253.

_____
Rosalinda Estrada-Dallis
Special Agent
HSI

Sworn to and Subscribed before me this 5th day of February 2019.

_____
Notary Public

MICHELLE R. KELLOGG
Notary Public - State of Kansas
My Appt. Expires

3